449 P.2d 987

**STATE of Utah, Plaintiff and Respondent,**

v.

**Donald Joe THORNTON, Defendant and Appellant.**

No. 11320.

Supreme Court of Utah.

Jan. 22, 1969.

2. Peterson v. Callister, 6 Utah 2d 359, 313 P.2d 814.

John Blair Hutchison, of Weber County Legal Services Commission, Ogden, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a jury verdict and judgment in a rape case. Affirmed.

Defendant was 19 when he was arrested. Two investigating officers talked to him separately. Both of them advised him of his rights on each facet of Miranda v. Arizona.[1] As a matter of fact they carefully *read* to him from a printed card prepared for the officers to assure an accused of his rights catalogued in the Miranda case. The young man had but a fourth grade education, it is true, and could not read and write. At first he said he did not want an attorney. However, when he appeared in city court to answer the charge he asked for an attorney and promptly was appointed experienced counsel for free. To the latter's credit, a request was made, and an order obtained for 30 days' observation of defendant at the State Hospital. The hospital's personnel reported in writing that although defendant had an intelligence quotient of about 68, he was capable of defending himself and able to advise and assist his counsel and himself in his defense.

A confession, determined by the trial judge to have been voluntary, was introduced, which was documented by the officer after the so-called Miranda bill of rights had been explained. After the confession had been introduced, counsel for defendant conducted a highly protracted intelligence test by question and answer, and except for some answers noted out of context, defendant's testimony, in our opinion, did not detract from a conclusion that there was a voluntariness of the confession. We are of the opinion that the only real thrust

---

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

of this appeal has to do with the question of an intelligent waiver of the Miranda interdictions. The jury, arbiter of the facts here, was not impressed with the argument by newly appointed second counsel, that defendant really didn't have the knowledge or intelligence to know what he was doing. The record does not reflect any such conclusion, and the peace officers appear to have had no reason or intention to take advantage of anyone incapable of answering simple questions after having been fully advised of his rights.

As counsel for defendant pointed out (citing People v. Lara, 67 Cal.2d 365, 62 Cal. Rptr. 586, 432 P.2d 202 (1967) ) the question must be resolved from examining the whole record,—which we have done in the instant case, and see no error in the trial court's admitting the confession in evidence, or the jury in adjudging defendant guilty as charged.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.